IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH KAPCHUS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 20-37 |
| | ) |
| v. | ) Judge Marilyn J. Horan |
| | ) |
| AMERICAN CAP COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Joseph Kapchus brings suit against Defendant American Cap Company, LLC, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 1). Defendant moves to dismiss the Complaint, or in the alternative, seeks summary judgment in its favor. (ECF No. 7). Defendant provided additional exhibits for the Court's consideration, (ECF No. 7-2 *through* 7-6), and the parties have briefed the issues, (ECF Nos. 8, 11). The matter is now ripe for decision.

For the following reasons, the Court will decline to convert the Motion to Dismiss to one for summary judgment, and the Motion to Dismiss will be denied.

**I. Background**

According to the Complaint, Joseph Kapchus began working for American Cap Company as a CNC Operator in June 2018. (ECF No. 1, at ¶ 8). A couple of months later, on August 22, 2018, Mr. Kapchus asked a shift supervisor why women were not given the opportunity to work as CNC Operators. *Id.* at ¶ 9. The shift supervisor responded that he did not know. *Id.* at ¶ 10.

The next day, Mr. Kapchus "was moved from the CNC machine to a secluded area on the roughing line to perform different work that [he] was not trained to do." *Id.* at ¶ 11.

Four days later, on August 27, 2018, Mr. Kapchus complained to management about racial discrimination he observed in the workplace. *Id.* at ¶ 12. He also wrote a letter to American Cap Company's Human Resources department about his concerns, in which he stated that he might file a charge with the Equal Employment Opportunity Commission. *Id.* at ¶¶ 13–14. On August 30, 2018, Thomas Burton, from Human Resources, and Richard Moroco, owner of American Cap Company, met with Mr. Kapchus. *Id.* at ¶ 15. Mr. Moroco "angrily demanded to know the names of the other employees who brought discrimination issues to" Mr. Kapchus's attention. *Id.* at ¶ 16. Mr. Kapchus refused. *Id.* at ¶ 17. Mr. Moroco responded, "You don't want to tell me their names? You're fired." *Id.* Mr. Moroco ultimately did not fire Mr. Kapchus during the meeting, but instead threatened to terminate Mr. Kapchus if he went forward with filing an EEOC charge. *Id.* at ¶ 18.

Mr. Kapchus did not file an EEOC at that time charge for fear of losing his job. *Id.* at ¶ 19. But, on September 10, 2018, Mr. Moroco suspended Mr. Kapchus without pay, and then three days later, on September 13, 2018, he terminated Mr. Kapchus. *Id.* at ¶¶ 20–21. Mr. Kapchus alleges in the Complaint that Mr. Moroco did not give a reason for either suspending or terminating Mr. Kapchus. *Id.* at ¶ 22. During later proceedings, American Cap Company stated it terminated Mr. Kapchus for attendance issues and for harassing another employee, Tom Gilson. *Id.* at ¶¶ 23–24. Mr. Kapchus alleges that the evidence shows he was not terminated for either of these reasons. *Id.* at ¶ 25.

As to whether Mr. Kapchus harassed Mr. Gilson, Mr. Kapchus states, "According to Defendant, Gilson described that Kapchus asked him to sign a petition and objected to doing the

...
...

work they were assigned to do." *Id.* at ¶ 28. Mr. Kapchus further alleges that management prompted Mr. Gilson to describe Mr. Kapchus's conduct as harassment, although "[t]here are no facts cited in the Defendant's records that would reasonably call Kapchus's conduct 'harassment.'" (ECF No. 1, at ¶¶ 27, 29). An Employee Action Report, provided as an exhibit to the Complaint, describes that Mr. Kapchus was terminated for "harassment of another employee" in violation of a collective bargaining agreement. (ECF No. 1-6).

Following his termination, Mr. Kapchus timely filed an EEOC charge and later received a Notice of Right to Sue. (ECF No. 1, at ¶¶ 5–6). Mr. Kapchus then filed the present Complaint against American Cap Company. Mr. Kapchus brings one count against American Cap Company, alleging that American Cap Company "terminated Kapchus's employment in retaliation for his protected activities including reporting unlawful discrimination, participating in an investigation, and taking steps to file a charge with the EEOC." *Id.* at ¶ 33. In response, American Cap Company moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment under Rules 12(d) and 56. (ECF No. 7).

**II. Standard of review**

American Cap Company seeks dismissal of the Complaint on the ground that Mr. Kapchus's Title VII claim is preempted by §§ 7 and 8 of the National Labor Relations Act (NLRA) under the principles outlined in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959). (ECF No. 7, at 3; ECF No. 8, at 3). Beyond mentioning Rules 12(b)(1) and 12(b)(6) in the initial paragraph of the Motion, American Cap Company does not discuss which rule applies to *Garmon* preemption. It appears to this Court that, while ordinary preemption "relate[s] to the merits of the case" and "merely constitutes a defense to a state law cause of

action," *Metro. Edison Co. v. Pa. PUC*, 767 F.3d 335, 362 (3d Cir. 2014) (internal quotations omitted), *Garmon* preemption is a form of complete preemption and is jurisdictional in nature, *id.*; *see also Ernest DiSabatino & Sons, Inc. v. Metro. Reg'l Council of Carpenters*, 2010 U.S. Dist. LEXIS 72867, at *7 n.4 (D. Del. July 20, 2010) (finding that a motion to dismiss based on *Garmon* preemption should be analyzed under Rule 12(b)(1)). Consequently, the Court will analyze the Motion under the Rule 12(b)(1) standard and will decline to convert the Motion to one for summary judgment.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of establishing that the court has subject matter jurisdiction, *Reg'l Med. Transp., Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718, 725 (E.D. Pa. 2008), and the defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint, *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). In a facial challenge, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If the court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In a factual challenge, however, the plaintiff's factual allegations are not presumed to be true, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268.

**III. Discussion**

In support of its Motion, American Cap Company provides a copy of an unfair labor practice charge, filed by Mr. Kapchus with the National Labor Relations Board shortly after his termination.  (ECF No. 7-3).  American Cap Company contends that Mr. Kapchus's Title VII claim addresses the very same conduct as his unfair labor practice charge, and as such, Mr. Kapchus's Title VII claim is preempted by §§ 7 and 8 of the NLRA.  (ECF No. 7, at 3).

Congress enacted the NLRA in 1935 for the purpose of "protect[ing] and facilitat[ing] employees' opportunity to organize unions to represent them in collective-bargaining negotiations." *American Hosp. Ass'n v. NLRB*, 499 U.S. 606, 609 (1991).  The NLRA is a "comprehensive" and "complicated legislative scheme." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 240–41 (1959).  As such, Congress created the National Labor Relations Board to enforce the NLRA, rather than allowing the Act to be enforced by "[a] multiplicity of tribunals and a diversity of procedures." *Id.* at 243.  Congress considered "centralized administration . . . necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes towards labor controversies." *Id.* at 242–43.  In *Garmon*, the Supreme Court thus held, "When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the [NLRA], or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdictions must yield." *Id.* at 244.  In other words, a state may not regulate conduct that is protected or prohibited by the NLRA, as disputes regarding such conduct must be addressed first by the National Labor Relations Board.  *Id.* at 244–45.

Although the NLRA preempts state laws, it does not preempt other federal laws, such as Title VII.  As the Third Circuit has explained, "the legislative history of title VII demonstrates that Congress intended to allow an individual to pursue rights independently under both title VII

5

and other applicable statutes, including the NLRA." *Frank Briscoe, Inc. v. NLRB*, 637 F.2d 946, 951 (3d Cir. 1981). Other circuits have found the same. *See, e.g.*, *Figueroa v. Foster*, 864 F.3d 222, 233 (2d Cir. 2017) ("Congress has manifested an intent that the NLRA not preempt Title VII and other federal laws with respect to discrimination."); *Chaulk Servs. v. Massachusetts Comm'n Against Discrimination*, 70 F.3d 1361, 1375 (1st Cir. 1995) ("The Supreme Court has said that the NLRA and Title VII provide concurrent remedies."); *Britt v. Grocers Supply Co.*, 978 F.2d 1441, 1447 (5th Cir. 1992) ("[W]e have held that claims under Title VII are not preempted by the NLRA."); *Hammontree v. NLRB*, 925 F.2d 1486, 1498 (D.C. Cir. 1991) (explaining the difference in enforcement schemes of Title VII and the NLRA).

In the present Complaint, Mr. Kapchus brings a claim for retaliation under Title VII, not under any state law. Because substantial case law establishes that the NLRA does not preempt Title VII, American Cap Company's argument that the NLRA preempts Mr. Kapchus's claim under the principles of *Garmon* is without merit. This Court therefore has subject matter jurisdiction over Mr. Kapchus's claim, and the Motion to Dismiss must be denied.

**IV. Conclusion**

THEREFORE, based on the foregoing, Defendant American Cap Company's Motion to Dismiss is DENIED. Defendant shall file an answer to the Complaint in accordance with the timeline set out in the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE April 21, 2020

Marilyn J. Horan
United States District Judge